JOHN L. HUNT *vs.* SARAH F. HILL.

Middlesex. November 10, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Practice, Civil. Nonsuit.*

Where in an action in the Superior Court an auditor has been appointed under R. L. c. 165, § 55, and upon application of the defendant the court under § 59 of the same chapter has appointed a certain day for the hearing of the case, and the plaintiff after notice fails to appear at the hearing and likewise fails to appear at successive adjournments of the hearing made necessary by his absence, of each of which he was notified, this furnishes good ground for ordering a nonsuit in accordance with the provisions of the section last named.

CONTRACT for $2,500 for alleged professional services and expenses. Writ dated February 4, 1899.

In the Superior Court *Aiken*, J. ordered a nonsuit to be entered, and reported the case for determination by this court. The previous proceedings in the Superior Court are stated in the opinion. If on the report the order was justified, it was to remain in effect; otherwise, the order was to be vacated and the case was to stand for trial.

*J. L. Hunt, pro se*, submitted a brief.

*C. Cowley*, for the defendant.

KNOWLTON, C. J.   After the demurrer in this case was overruled, the answer was rightly filed by leave of the court.   R. L. c. 173, § 17.   An auditor was appointed under the authority of the R. L. c. 165, § 55, and a rule was duly issued upon the application of the defendant, and the court appointed a day for the hearing of the case.   R. L. c. 165, § 59.   The plaintiff was notified of this hearing, and knew that the court had ordered the hearing to be had on the day stated.   The plaintiff was in Lowell on the day appointed, which was the place where the hearing was to be had, and knew of the time and place of the hearing.   But he did not appear before the auditor, nor send any one to represent him.   This was on August 26, 1902, and because of the plaintiff's absence the hearing was adjourned to August 27.   The plaintiff was notified in writing of this adjournment, but he was not present in person or by attorney at the time appointed.   In like manner and for a like reason, the hearing was adjourned to August 28, and from that day to September 3, and then to September 5, and from September 5 to September 10.   The plaintiff was duly notified of these adjournments, but at no time did he appear before the auditor personally or by any representative.   He attempted unsuccessfully from time to time, by motion before the Superior Court, to obtain a revocation of the order for a hearing before the auditor, and to obtain other orders.   These facts were proved before a judge of the Superior Court, the auditor having reported to that court the plaintiff's neglect.   The judge found that the plaintiff had neglected to appear at the time appointed for the hearing and at the time of the adjournments thereof, without good cause, and, upon the defendant's motion, ordered a nonsuit to be en-

tered against the plaintiff, in accordance with the provisions of the R. L. c. 165, § 59.

The finding of the judge was well warranted and the order was properly entered. The case is within the exact terms of the statute, and calls for no extended consideration.

*Nonsuit to stand.*